THOMAS S. McCONNELL (Bar No. 132932)
thomas.mcconnell@msrlegal.com
KATHRYN R. JONES (Bar No. 252004)
katie.jones@msrlegal.com
MILLER STARR REGALIA
A Professional Law Corporation
1331 N. California Blvd., Fifth Floor
Post Office Box 8177
Walnut Creek, California 94596
Telephone:   (925) 935- 9400
Facsimile:   (925) 933-4126

Attorneys for Plaintiff
CVS PHARMACY, INC., a Rhode Island corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CVS PHARMACY, INC., a Rhode Island corporation,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN GINCIG, D.C.M. & ASSOCIATES, LLC, a California limited liability company and DOES 1-10,<br><br>Defendants. | No. CV12-07000 ODW (AGRx)<br><br>[~~Proposed~~] PROTECTIVE ORDER PURSUANT TO STIPULATION<br><br>Date complaint filed:   August 14, 2012<br>Trial date:   None set |

Based upon the accompanying Stipulation for Protective Order entered into between plaintiff CVS PHARMACY, INC. ("CVS"), on the one hand, and defendants STEVEN GINCIG and D.C.M. & ASSOCIATES, LLC, on the other, and good cause appearing therefor,

IT IS HEREBY ORDERED that all parties, their counsel and any other individual to whom CONFIDENTIAL Discovery Material is divulged, shall be bound by the following terms of this Order:

1.   This Stipulated Protective Order shall be applicable to and govern the use and disclosure of Discovery Materials that are produced in this case and are designated as "CONFIDENTIAL." "Discovery Material" shall mean all material and information produced pursuant to the Federal Rules of Civil Procedure, including depositions, documents and other

tangible things, electronically stored information, answers to interrogatories, and responses to requests for admissions, produced by or on behalf of any party or nonparty in connection with this action.

2. A party may designate as "CONFIDENTIAL" any Discovery Materials that include information which has not been made public and which concerns or relates to the processes, operations, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

3. Discovery Material that is designated as CONFIDENTIAL ("CONFIDENTIAL Discovery Material") shall be used only in connection with this lawsuit.

4. CONFIDENTIAL Discovery Material may be disclosed only to the following persons and only subject to the terms of this Protective Order:

(a) Counsel of record in this case, their partners and associates, and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, and outside copying services, who are working on this case under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of this case;

(b) Officers, directors, managerial employees, and financial advisors of the parties to this case, or other employees of parties or their managing agent(s) to the extent necessary to perform work in connection with this case, or any representatives of their insurance carriers to the extent necessary to perform work in connection with this case;

(c) Persons who are expressly retained or sought to be retained by a party, such as independent accountants, statisticians, economists or other consultants or experts (whether or not such persons are retained or sought to be retained to testify); provided that the disclosure of CONFIDENTIAL Discovery Material to any persons under this subparagraph shall

be only to the extent necessary to perform their work on this case and shall be made only after compliance with Paragraph 5 herein;

    (d)    Any other persons who are designated to receive CONFIDENTIAL Discovery Material by order of this Court, after notice to the parties, or by written stipulation of the parties;

    (e)    Any person whose testimony is taken by deposition, provided that such person may be shown copies of CONFIDENTIAL material only during his or her testimony at deposition and shall be advised of this Protective Order;

    (f)    The persons described in paragraph 15; and

    (g)    The Court, Court personnel, deposition reporters, and the jury.

5.    The persons described in Paragraph 4(c) herein shall not have access to CONFIDENTIAL Discovery Material until they have certified that they have read this Protective Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT," attached as **Exhibit A**.

6.    Parties shall designate CONFIDENTIAL Discovery Material as follows:

    (a)    In the case of documents or other tangible things, interrogatory answers, responses to requests for admission, and the information contained therein, designation shall be made by placing the following legend, as is appropriate, on the first page of any such document, or on the front of such tangible thing (including but not limited to any physical media containing electronically stored information), prior to production: "CONFIDENTIAL."

    (b)    In the case of electronic mail containing attached electronically stored information, designation shall be made by including the following legend in the subject line of such electronic mail prior to production: "CONFIDENTIAL."

    (c)    In the case of depositions, designation of those transcripts (including exhibits) that contain CONFIDENTIAL Discovery Material shall be made by a statement to such effect on the record during the course of the deposition by any counsel, stating the portion that is confidential. Upon such designation by counsel, the confidential portion of the deposition transcript, including exhibits, shall be CONFIDENTIAL Discovery Material. Counsel shall

attempt to identify and designate in good faith those portions of the transcript and exhibits that contain CONFIDENTIAL Discovery Material, and those portions of the transcript and exhibits so identified shall be separately bound by the court reporter and identified as containing CONFIDENTIAL Discovery Material. In addition, within fifteen (15) days after the receipt of the transcript by counsel, counsel may designate portions of the transcript and exhibits as containing CONFIDENTIAL Discovery Material by serving notice upon all other parties. Such notice shall specify the particular portions (by page and line and by exhibit numbers) of the transcript that counsel wishes to designate as containing CONFIDENTIAL Discovery Material by listing on a separate sheet of paper the numbers of the pages of the transcript and exhibits containing CONFIDENTIAL Discovery Material so that the sheet may be affixed to the face of the transcript and each copy thereof. If no designation is made by a statement to such effect on the record during the course of the deposition or within fifteen (15) days after the receipt of the transcript by counsel, the transcript shall be considered not to contain any CONFIDENTIAL Discovery Material. Portions of the transcript (including exhibits) designated as CONFIDENTIAL Discovery Material may be disclosed only in accordance with the terms of this Protective Order.

(d)  A party furnishing documents and things to another party shall have the option to require that all or batches of documents and things be treated as CONFIDENTIAL during inspection and to make its designations of particular documents and things at the time the documents and things are produced or furnished to the other party.

7.  In the event that any party to this case disagrees with the designation of material as CONFIDENTIAL Discovery Material, such party shall provide to the designating party written notice of its disagreement with the designation. The parties shall first try to resolve such a dispute reasonably and in good faith. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court. The burden of proving that information has been properly designated as CONFIDENTIAL Discovery Material shall be on the party making such designation.

8. Discovery involving nonparties may involve disclosure by or to such nonparties of information, documents, things, electronically stored information, or testimony that include or contain CONFIDENTIAL Discovery Material. A nonparty producing such material in this case may designate as CONFIDENTIAL Discovery Material some or all of the material it produces in the same manner provided for in this Protective Order with respect to material furnished by or on behalf of the parties to this action, but only to the extent that the parties to this action would be permitted to designate such material as CONFIDENTIAL Discovery Material. Nonparty materials designated as CONFIDENTIAL Discovery Material by a nonparty or party shall be governed by the terms of this Protective Order.

9. Each person who receives any CONFIDENTIAL Discovery Material and notice of this Protective Order hereby agrees to subject himself or herself to the jurisdiction of this Court for the purpose of proceedings directly related to the performance under, compliance with, or violation of this Protective Order.

10. The recipient of any CONFIDENTIAL Discovery Material that is provided under this Protective Order shall keep such information in a manner reasonably intended to preserve and maintain the confidentiality of the information.

11. Nothing contained in this Protective Order shall affect the right of any party to make any objection, claim privilege, or otherwise contest any request for production of documents or other tangible things or electronically stored information, interrogatory, request for admission, or question at a deposition or to seek further relief or protective orders from the Court as permitted by the Federal Rules of Civil Procedure.

12. If CONFIDENTIAL Discovery Material is included in any papers to be filed in Court, such papers shall be labeled "CONFIDENTIAL-Subject to Court Order" and filed under seal until further order of this Court.

13. In the event that any CONFIDENTIAL Discovery Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

14. Nothing in this Protective Order shall preclude any party to the case or counsel of record:

    (a) From showing a document designated as CONFIDENTIAL to an individual who either prepared, received, or reviewed the document prior to the filing of this action; or

    (b) From disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as CONFIDENTIAL.

15. Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the party designating the material as CONFIDENTIAL consents in writing to such disclosure, or if a Court orders such disclosure. A party requested to disclose CONFIDENTIAL Discovery Material to a nonparty in a validly served subpoena, civil investigative demand, discovery procedure permitted under the California Code of Civil Procedure, or other formal discovery request shall give notice of such request, by facsimile and overnight mail, upon the party that designated the material as CONFIDENTIAL as soon as reasonably possible, but in any event no later than five (5) business days after receipt of the subpoena, investigative demand, or discovery request. The subpoenaed party shall not be required to oppose production of the CONFIDENTIAL Discovery Material.

16. The parties may, within thirty (30) days after notice of entry of this Protective Order, designate any earlier Discovery Material as CONFIDENTIAL. In that event, the recipient shall take all reasonable action to protect the confidentiality of such material in accordance with this Protective Order, in the same manner as if such Discovery Material had been originally designated as CONFIDENTIAL. The inadvertent or unintentional disclosure by the supplying party of CONFIDENTIAL Discovery Material, regardless whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Counsel for the parties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the

-6-

PROTECTIVE ORDER
(No. CV12-07000 JGB AGRx)

1  confidentiality of the CONFIDENTIAL Discovery Material that was inadvertently or
2  unintentionally disclosed.

3  17. Within sixty (60) days after the later of (a) the termination of this case (including
4  all appeals), or (b) a written demand from one side to the other, counsel of record shall either (a)
5  return all CONFIDENTIAL Discovery Material and all copies thereof (including copies provided
6  to the persons described in paragraphs 4(b)-(e)) to the party that produced it or (b) cause it to be
7  destroyed and a certification of destruction supplied to the producing party; provided, however,
8  that for each party, outside counsel may retain: (1) one complete and unredacted set of pleadings
9  and papers filed with the Court or served on the other party, and (2) attorney work product to the
10  extent embodied in internal memoranda, notes, or correspondence, solely for reference in the
11  event of, and only in the event of, further proceedings or litigation between the parties, or a
12  dispute over the use or dissemination of CONFIDENTIAL Discovery Material subject to the
13  terms of this Protective Order and in a manner reasonably designed to preserve the confidentiality
14  of the material. This Protective Order shall survive the final termination of this case with respect
15  to any such retained CONFIDENTIAL Discovery Material.

**IT IS SO ORDERED.**

Dated: January 31, 2013

Hon. Jesus G. Bernal
United States District Court
Central District of California

# EXHIBIT A

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that he/she has read and is fully familiar with the terms of the Stipulated Protective Order entered in the action entitled CVS Pharmacy, Inc. v. Steven Gincig, et al., United States District Court, Central District of California, Case No. CV12-07000 JGB (AGRx), and hereby agrees to comply with and be bound by the terms and conditions of said Order and to comply with paragraph 17 thereof unless and until modified by further order of the Court. The undersigned hereby consents to the jurisdiction of the United States District Court, Central District of California for purposes of enforcing this Order.

Dated: _____    Signed: _____

Print Name: _____

Print Address: _____

_____

# PROOF OF SERVICE
### CVS PHARMACY, INC. v. STEVEN GINCIG, D.C.M. & ASSOCIATES, LLC;
### United States District Court - Central District Los Angeles
### Case No. CV12-07000 JGB (AGRx)

I, Beverly Dozier-Jones, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 1331 N. California Blvd., Fifth Floor, Post Office Box 8177, Walnut Creek, CA 94596. On January 23, 2013, I served the within documents:

**[Proposed] PROTECTIVE ORDER PURSUANT TO STIPULATION**

☐ **Via Fax:** by transmitting the document(s) listed above via facsimile to the fax number(s) set forth below by 5:00 p.m.(PST).

☐ **Via Mail:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Walnut Creek, California addressed as set forth below.

☒ **Via Electronic:** by uploading the document(s) listed above and e-filing said document(s) directly with the **United States District Court, Central District, Los Angeles Court's** website at http://www.cacd.uscourt.gov before 12:00 p.m. (PST).

☐ **Via Overnight Mail:** by placing the document(s) listed above in a sealed envelope for overnight delivery via *Federal Express*, or other overnight mail service, with fees fully prepaid, and deposited for same-day pick-up by an authorized representative.

☐ **Hand-Delivery Via Courier:** by causing the document(s) listed above to be hand-delivered to the following person(s) at the address(es) set forth below.

Brandon M. Tesser, Esq.
Tesser Ruttenberg & Grossman, LLP
12100 Wilshire Boulevard, Suite 220
Los Angeles, CA 90025
Tel: (310) 207-4022
Fax: (310) 207-4033
Email: btesser@trgllp.com

Attorneys for Defendants
**STEVEN GINCIG and D.C.M. & ASSOCIATES, LLC**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 23, 2013, at Walnut Creek, California.

_____
Beverly Dozier-Jones